FILED SI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA AUG 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WINIFRED JIAU, )
    Petitioner )
)
v. ) PETITION FOR WRIT OF
) HABEAS CORPUS
KAIRE POOLE, PsyD ) **(PR)**
RANDY TEWS, Warden, FCI-Dublin, ) 28 U.S.C. 2241
    Respondent )
)

CV 12 4193 E-fil SI

1. The petitioner is now in the custody of RANDY TEWS, warden of the FCI-Dublin Federal Correction Facility, under sentence for a conviction of conspiracy to commit Security Fraud ( 18 U.S.C. 371), and Security Fraud (15 U.S.C. 78j(b) and 78ff, 17 C.F.R. 240, 10b-5, 18 U.S.C. 2) rendered by the United States District Court for the Southern District of New York.

2. Since petitioner's confinement began at the FCI-Dublin, California, Federal Correction Facility, petitioner has been deprived of her constitutional rights in connection with her participating in a BOP managed Residential Drug Abuse Treatment Program based on Act of Congress to address prisoners' substance abuse problem that ended up with a series of threats, retaliatory acts (Exhibit 1), and an expulsion from RDAP (Residential Drug Abuse Treatment Program) conducted on July 25, after which petioner was unconstitutionally subjected to this wrongful expulsion that adversely affects duration of confinement, petitioner was projected to complete RDAP on November 12, 2012, and was approved to participate in the community-based transition phase afterwards. The expulsion resulted the petitioner no longer eligible for an early release.

3. Petitioner's constitutional rights were denied in connection

-1-

with this expulsion in that RDAP staff was personally prejudiced against petitioner, and deliberately and illegally suppressed exculpatory statements by inmate witnesses who attended Jiau's progress review on July 10, 2012. Staff further backdated computer files in PDS system, and produced various versions of misstatements and contracts threatening petitioner to sign between July 12 and July 30, 2012. Therefore, Jiau's consequences and expulsion would look as if she failed rather than she was violated on her basic constitutional rights - right to access to the courts, and the right to decline to discuss the crime in appeal proceeding. The factual evidence caused these series retaliatory acts were all sanitized and deleted from BOP's PDS server.

4. This court has jurisdiction pursuant to 28 U.S.C. 2241, and 28 U.S.C. 1331, 1343(a)(4).Sacora v Thomas,648 F. Supp.2d 1218(D.Oregon, 2009)

5. Petitioner has no remedy other than this application for a writ of habeas corpus to correct this illegal and unconstitutional addition burdens added to her confinement. Since the July 2nd incident, there are on-going retaliatory acts and threats made by prison staff. Nor does the petitioner foreclose the possibility of finding RDAP would impose substaintial risk on her involving her life and mental well-being -- risks that might arise as a result of either the nature of her crime or her possessing certain religious, psychological or other characteristics.

## Prayer

For the reason stated, petioner is proceeding Pro Se and informa pauperis and prays that:

A. This court issue a writ of habeas corpus directed to Randy Tews, commanding him to produce the body of the petitioner

WINIFRED JIAU before this court at a time and place to be specified in the writ;

B. This court conduct a hearing on the deprivations of the petitioner's constitutional rights set out in this petition, and, following that hearing;

C. This court set aside and void the wrongful expulsion of RDAP on July 25, 2012, and order that the BOP reinstate the petitioner into RDAP and restore the good status prior to the July 2nd incident.

Dated: July 31, 2012

Respectfully Submitted,

*Winifred Jiau*

WINIFRED JIAU / PRO SE
#15221-111
Satellite Prison Camp
FCI-Dublin
5675 8th Street - Camp Parks
Dublin, CA 94568

**From:** Kaire Poole
**To:** All Psychology Department; CAMP DTS's
**Date:** 7/25/2012 12:57 PM
**Subject:** Inmate Jiau has been taken out of RDAP
**CC:** Butler, Bobbi; Stocking, Tina

FYI, Please make any necessary adjustments. She should be moved out of RDAP as soon as possible.

Thank you,

Dr. Kaire Poole, Drug Abuse Program Coordinator, SCP Dublin

(925) 833-7500 Ext 408  Work Fax (925) 833-7530

file://C:\Documents and Settings\BOP33821\Local Settings\Temp\XPgrpwise\500FED4ED...

| U.S. Department of Justice | Regional Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Jiau, Winifred__  __15221-111__  __C4__  __SatellitePrison Camp__
    LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

Inmate, Winifred Jiau, appeals from a RDAP Administrative decision, issued by Ms. Laura Friedeberg, Drug Treatment Specialist, Residential Drug Abuse Program, For the Federal Prison in Dublin, California, which was decided on July 12, 2012.

STATEMENT OF THE ISSUE

I. Whether RDAP ANd its staff members violated Appelland's basic constitutional rights., the Fourteenth Amendment due process clause, the right to access to the court, and the Fifth Amendment privilege, not to self-incriminate and to decline to discuss the crime.

II. Whether RDAP's administrative decision created unwarranted intervention and a retaliation because RDAP staff abuse its discretion based on erroneous views of laws and program statements.

July 14, 2012                           _Winifred Jiau_
    DATE                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

JUL 1 8 2012

_____                _____
      DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: __697874-R1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                              CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT    INSTITUTION

SUBJECT: _____

                                                                    BP-230(13)

TRULINCS 15221111 - JIAU, WINIFRED - Unit: DUB-S-F
--------------------------------------------------------------------------------

## STATEMENT OF THE FACT

I. The Incident
   On July 2, 2012, a RDAP specialist, Mr. Kubitz name picked only the appellant in front of 31 inmates in his journal group, "Living with Others", a phase II program to address the crime she was sentenced. The appellant stated: "Government alleged that I did insider trading. I was convicted by Jury." He continued on: "Didn't you profit billions of dollars for hedge funds?" Appellant :" there were alleged avoided losses over millions, but no billion dollars profits." Jiau declined to answer further questions concerning the details of the case politely as it's in the appeal proceeding at the Second Circuit(Docket #11-4167). He was aggravated: "I read your "transcript", you passed on insider information... you cannot be in appeal and be in the treatment program at the same time..." Jiau came back with that she was an alcohol abuser seeking help which is not relevant to the crime. He nailed the appellant with more pointless harassment and humiliation, to assert his authority and power of whether Jiau should receive any sentence-reduction from RDAP. Jiau immediately reported this incident to Unit Manger(Ms. Butler) as well as her appeal attorney(Ms. Randa Maher can be reached at (516) 487-7460 or (516) 448-6428)

II. The on-going pointless harassment and humiliation
   On July 3, the next day after the above incident, Kubitz called the appellant and two other inmates into his office, continued with the same subject, with more inflammatory and harassment language:"I read your PSR, ... The current bad economic was due to you hedge funds profited by insider trading, don't you know that? " Jiau was scared to provide any unwanted answer. she didn't answer the question. Kubitz repeated the question. Jiau: "I don't know." Kubitz: "You worked for Wall Street in 2008, how can you not know?" Jiau was cornered and forced to defend herself: "I thought the financial crisis was caused by mortgage fraud, CDO, CMO, GNMA, things like that." Kubitz fired more questions back. Jiau declined to go into further of her appeal proceeding, she told Kubitz that she can have her lawyer to call him to answer any question concerning the case or the appeal. This intimidating and accusatory interrogation session outside SDNY jurisdiction ended up with assigning Jiau additional 20 pages papers, daily journal and redo 10 pages of "criminal lifestyle" journal the way he wanted due in 5 days. He told the 2 inmates presented in the room to watch the appellant closely to fail her. so she will not receive the time credits from RDAP. She was raised by a good family and received the education. There is no sympathy toward her.
   The overwhelmed harassment and humiliation caused the appellant's stress, anxiety, pain and depress. Jiau completed her new assignment timely. Her DTS(Ms. Friedeberg) and RDTC(Dr. Poole) were all off for the July 4th weekend. Kubitz's unstable mental state was known by the community. Dr. Townsend, the previous RDAP coordinator at camp site had corrected Kubitz's misconduct due to his own alcohol problem and grief of family death. He had apologized to that inmate in January 2012. Appellant reported the above incident to prison's Chief Psychologist, Dr Crego on July 6. Crego backed up Kubitz and contended that the appellant should consider to withdraw from the program as the appeal preventing her from discussing the crime which is not taking the responsibility to meet the program requirements.

III. Progress review by community Senior Guides
   On July 10, Appellant was called for a progress review, initiated by Friedeberg. About 20 Senior Guides in the Therapeutic Community Jiau is housing at attended this teaming. Positive conclusions were reached that Jiau did not have any misbehaviors noticed, and demonstrating growth and recovery from her substance abuse. There was no escalated "team" by treatment team(RDAP staff) was recommended.

IV. "Team" by treatment team
   On July 12, Appellant was called for a "team" by treatment team(RDAP staff) based on Chief Psychologist's (Crego) instruction because Jiau "not using the tree appropriately". (Exhibit 1).

V. The administrative decision and continuous threats from RDAP staff
   On the same day, July 12, at 3:30 pm, Jiau was called into Friedeberg's office with an Administrative Note(the Contract). Jiau was asked to sign the contract right away since Friedeberg needed to leave work. Friedeberg works Monday thru Thursday only. The note is Jiau agrees to extend the program for additional 60 days with a new completion date January 12, 2013. Jiau also needs to repeat rational thinking journal which she was passed in May and that was lectured by Kubitz, with some other harsh treatments and cruel retaliatory punishment as reflect in the refusal to discuss her case in appeal proceeding. Such punishment has not been seen assigned to other program participants who received prison's incident report or with bad attendance records.
   Jiau stated that she needed time to review the contract before signing. No caring but more threats were made by Friedeberg: "You should be happy with that you are not expelled from the program. If you don't sign it now, it will get worse." The appellant was very confused whether she became a post child and left without signing.

VI. The Appeal
   On July 16, Appellant filed the timely BP-10 as the issues is sensitive and the current environment is fast-moving and hostile for the appellant. Jiau was picked in her process group at 1:30 pm on July 12 when she was processing the damages caused by her alcohol use. An inmate from her Journal group brought back the incident happened in the Journal group and asked Jiau

Case3:12-cv-04193-SI Document1 Filed08/09/12 Page7 of 13

TRULINCS 15221111 - JIAU, WINIFRED - Unit: DUB-S-F
----------------------------------------------------------------------------------------

about her crime. There are 15 other inmates from 4 different journal groups attended that process group on that day. Jiau concerned about the confidentiality was broken by that inmate bringing up the subject should not be shared. Jiau confronted the inmate to focus on giving feedback about her alcohol abuse. Friedeberg scolded Jiau that she needed to be perceptive. Jiau is now placing in a glass house by her psychologists where anyone can throw stones at her.

With the permission from Unit team, Jiau is respectfully submitting this BP-10 form to Regional Office to review this situation.

## THE ISSUES AND VIOLATION

I. Whether RDAP and its staff members violated Appellant's basic constitutional rights, the Fourteenth Amendment, due process clause, the right to access to the courts, and the Fifth Amendment privilege, not to self-incriminate and to decline to discuss the crime.

Appellant is an alcoholic seeking help in recovering from her substance abuse. RDAP is funded and designed for helping prisoners with addiction problems recovering and living in a healthy lifestyle for crimes prevention and reduction. That suits RDAP and Jiau's goals. No prerequisite required for program participant stop or give up their constitutional rights anywhere can be found in the RDAP program statements.

The law is clear, in Constitutional Rights of Prisoners, Part I, Access to the Courts as a Constitutional Rights. "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications and civil rights claim only. The importance of this right to incarcerated individual is evident and can hardly overstated." "The right to file for legal redress in the courts is as valuable to a prisoner as to any other citizen." Jiau's direct appeal docket # 11-4167 along with related cases, Rajaratnam case #12-94, and Fleishman case #11-4416, etc, all pending at the Second Circuit. As a result, the appellant was issued a disciplinary charge for defiance. The constitutional right of access to the courts was violated by this retaliation.

Jiau's Fifth Amendment privilege against self-incrimination was also violated. The threat, carried out many times, of expulsion RDAP for declining to disclose the information, constituted compulsion.

II. Whether RDAP's administrative decision created unwarranted intervention and a retaliation because RDAP staff abuse its discretion based on erroneous views of the laws and program statements

In March 2012, Kubitz restricted RDAP participants to attend religious service which overcame the prison's religious call-out policy. This was corrected by Associate Warden, Ms. Hijar, on April 12, 2012 (Exhibit 2). Jiau was senseless that incident could cause any retaliatory actions advanced by Kubitz.

As described in the prior section, RDAP abused its discretion based on erroneous view of laws and RDAP program statement.

1) According to BOP's new model, the "Modified Therapeutic Community", Element 1, Community as Method. In the administrative note issued to Jiau, it blamed Jiau "not using the tree appropriately." Later, Jiau was called for the "team" by treatment team which contradicted to its own concept and model: "Community as Method". If the "tree" did not recommend a "team" by treatment team, but the staff overpowered and against its own policy. What is the role of the staff? a role model? or a rule breaker?

2) Persuade to program statement 550.54, Incentives for RDAP participation: "Limited financial awards, based upon the inmate's achievement, completion of program phases. On July 9, the appellant received $40 dollars(Exhibit 3) along with 30 her fellow inmates in her phase II journal group. The payroll was processed before the July 2nd incident happened. Jiau received her phase I incentives on April 6. Jiau was incarcerated since December 28, 2010. She was well behaved and incident-report free for the past 18 months. Her prior 60 days review from RDAP was excellent(Exhibit 4). It is illogical for a grade A student fell into grade D in 10 days and needed to repeat the class while she is housing in RDAP community, governed by the "tree".

3) The goal of RDAP is the prevention of continued drug use and new offenses, and congress made it clear that "every prisoner with a substance abuse problem have the opportunity to participate." A prisoner like Jiau's status should not be discriminated or singled out for different treatment by RDAP staff members.

## THE CONCLUSION

For these reasons, the appellant asks the Regional Office the following
1) release to the appellant the teaming report by community Senior Guides on July 10.
2) restore Jiau's RDAP good status prior to the July 2nd incident and prevent any continuous retaliatory acts from RDAP staff
3) consider a different housing for the appellant away from RDAP community to ensure the appellant's safety, but allow the appellant to complete the required program hours with the original projected completion date on November 12, 2012.
4) Recommend District Court at the Sothern District of New York to release the appellant on bail pending appeal to avoid immediate and irreparable harm to the appellant and RDAP staff. Jiau filed a motion for bail pending appeal at SDNY on July 10 (docket 11-cr-161, Doc #155, S.D.N.Y.)

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 07-12-2012 - RDAP - Administrative Note
**Reg Number-Name:** 15221-111 - JIAU, WINIFRED     **Unit/Qtrs:** CAMP RDAP, S06-033L
**Author:** LAURA R. FRIEDEBERG, M.A., MFT, DRUG ABUSE TRTMNT SPECLST
**Institution:** DUB - DUBLIN FCI

---

Ms. Jiau's progress was reviewed by senior guides on 7-10-12 at 7:08PM due to lack of participation in community, not completing activities on treatment plan in a timely manner, not processing in groups and refusing to discuss her crime in criminal lifestyle module. This is Ms. Jiau's 3rd progress review since her DAP WAIT status.

In the progress review, Ms. Jiau stated that she was triggered by a DTS in journal group when asked to admit her criminality. She stated that she was advised by her attorney not to discuss her crime in RDAP. She stated that she she has completed treatment plan activities (she has completed some but not enough for a phase 2 participant at the end of phase 2). The senior guides observed that she demonstrated attitudes for change, has shown growth (the last few days), was humble, receptive and emotional but did not understand why she was being reviewed. They gave her recmmendations but did not refer her to staff for teaming.

After consulting with Chief Psychologist, we agreed that Ms. Jiau should be looked at by treatment team based on her lack of community involvement, failure to disclose, not having demonstrated tools up until this point and not using the tree appropriately.

Ms. Jiau was teamed by treatment staff (DTS' and DAPC) on 07-12-12 with her big sister present. She admitted to struggling with criminal thinking errors and humility. She did acknowledge her lack of participation in process group but stated that she had completed the majority of assignments on treatment plan. She also admitted that she attorney advised her not to discuss her case. She was told about the requirements of completing the program including more community involvement, completing treatment activities on treatment plan, understanding how her criminality related to her alcohol problem which requires some discussion of her criminality in groups.

Treatment team determined that her treatment would be extended by 60 days. New completion date 01-12-13. Beginning in August 2012, she will attend rational thinking journal group to review thinking errors, RSA's and involvement with the group. This decision was based on not demonstrating community as method, not demonstrating phase 2 tools, and lack of participation in process group and treatment plan.

Ms. Jiau should work with her big sister and senior guide daily to monitor her treatment plan. All three should check in with one on one DTS together once per week to discuss progress, join transition service committee to enhance interaction with community, weekly participation in Up Meetings, continue to sit down with one person per day for 10 minutes and have them sign off on journal until completion, complete all assigned activities on treatment contract by due date including processing in process group. Work with big sister on deadlines to complete tasks that are past due.

**SENSITIVE BUT UNCLASSIFIED**

EXHIBIT 1

**RESPONSE TO INMATE REQUEST TO STAFF**
**INMATE: Jiau, Winifred**
**REGISTER NO: 15221-111**
**UNIT: C-4**

This is in response to your Inmate Request to Staff, received in this office on March 12, 2012, in which you request clarification of the religious services call-out policy.

In accordance with Program Statement 5360.09, <u>Religious Programs</u>, Section 548.10. (a) states that the Bureau of Prisons provides inmates of all faith groups with reasonable and equitable opportunities to pursue religious beliefs and practices, within the constraints of budgetary limitations and consistent with the security and orderly running of the institution and the Bureau of Prisons. You may choose to participate in religious services; this option is voluntary.

Please note that Program Statement 5360.09, <u>Religious Programs</u>, Section 548.17. also states that when the religious tenets of an inmate's faith are violated or jeopardized by a particular work assignment, a different work assignment ordinarily shall be made after it is requested in writing by the inmate, and the specific religious tenets have been verified by the chaplain. Since RDAP is a voluntary program, you may choose not to participate.

The RDAP program accommodates inmates who participate in religious services after their participation is verified by the chaplain. However, the inmate will be held to same standards of participation as other RDAP participants and will be expected to make-up any work or activities that was missed due to absences.

_____          4-12-12
Sandra Hijar, Associate Warden              Date

EXHIBIT 2

Date: 07/19/2012
Time: 09:59:10 AM
Location: DUB

Date: 07/19/2012  
Time: 09:59:10 AM  
Location: DUB

EXHIBIT 3

# Federal Bureau of Prisons
## TRULINCS Account Transactions - Commissary
### Personal Inmate Information

**Inmate No:** 15221111  **Inmate Name:** JIAU, WINIFRED  **Available Balance:** $630.36

| Date | Reference # | Transaction Type | Sender Last name | Amount |
|---|---|---|---|---|
| 07/13/2012 | TL0713 | TRUL Withdrawal | | -$2.00 |
| 07/13/2012 | TFN0713 | Phone Withdrawal | | -$2.00 |
| 07/12/2012 | TL0712 | TRUL Withdrawal | | -$2.00 |
| 07/12/2012 | TFN0712 | Phone Withdrawal | | -$3.00 |
| 07/12/2012 | TL0712 | TRUL Withdrawal | | -$2.00 |
| 07/10/2012 | 123 | Sales | | -$12.20 |
| 07/10/2012 | TL0710 | TRUL Withdrawal | | -$2.00 |
| 07/09/2012 | LDAP0612 | Payroll - DAP | | $40.00 |
| 07/09/2012 | LIPP0612 | Payroll - IPP | | $7.20 |
| 07/08/2012 | TL0708 | TRUL Withdrawal | | -$2.00 |
| 07/07/2012 | TL0707 | TRUL Withdrawal | | -$2.00 |
| 07/07/2012 | TL0707 | TRUL Withdrawal | | -$2.00 |
| 07/04/2012 | TL0704 | TRUL Withdrawal | | -$2.00 |
| 07/04/2012 | TL0704 | TRUL Withdrawal | | -$2.00 |
| 07/03/2012 | 193 | Sales | | -$4.45 |
| 07/02/2012 | TL0702 | TRUL Withdrawal | | -$2.00 |
| 07/01/2012 | TL0701 | TRUL Withdrawal | | -$2.00 |
| 06/30/2012 | TL0630 | TRUL Withdrawal | | -$2.00 |
| 06/30/2012 | TL0630 | TRUL Withdrawal | | -$2.00 |
| 06/29/2012 | TL0629 | TRUL Withdrawal | | -$2.00 |

EXHIBIT 3

Inmate #: 15221111

**SENSITIVE BUT UNCLASSIFIED**



# Federal Bureau of Prisons
# Psychology Data System

**Date-Title:** 05-10-2012 - RDAP - 60 Day Progress Review
**Reg Number-Name:** 15221-111 - JIAU, WINIFRED    **Unit/Qtrs:** CAMP RDAP, S06-033L
**Author:** LAURA R. FRIEDEBERG, M.A., MFT, DRUG ABUSE TRTMNT SPECLST
**Institution:** DUB - DUBLIN FCI

Ms. Jiau's progress was reviewed on this date and her treatment plan was updated to reflect her progress. She was provided with a copy of this updated treatment plan.

Ms. Jiau has successfully completed phase 1, Orientation and is currently in phase 2, rational thinking. She is an active participant in all program components and is a little sister in the Big Sister program. She receives favorable reports from work supervisor and RDAP staff.

Goal 1: Lead a drug free lifestyle, utilizing healthy coping mechanisms to manage unpleasant emotions and difficult situations. In activity 1, Ms. Jiau completed her readiness statement and presented it to the group for feedback. In activity 2, Ms. Jiau has been identifying damaging consequences to her behavior and presenting this information for feedback. Due by next 60 day review. In activity 3, she is in the process of enhancing her emotional health and will start reporting to the group. Due by next 60 day review. In activity 4, she conducts weekly attitude checks on honesty, responsibility, and willingness and gets feedback. Due throughout treatment.

Goal 2: Sustain law-abiding behavior as demonstrated by identification and correction of criminal thinking errors; adherance to program, unit and institution rules and regulations; and incident report free and crime free behavior in prison and upon release. Engage in pro-social behavior and be a positive influence on the community. In activity 1, Ms. Jiau is in rational thinking learning RSA's. She will be able to identify and challenge criminal thinking errors in the latter part of phase 2. Due by next 60 day review. In activity 2, she is using the rational thinking journal to learn common thinikng errors and challenge them. She is receptive to feedback. Due by next 60 day review. In activity 3, Ms. Jiau will complete criminal thinking toward the latter part of phase 2 and discuss her most common thinking error for feedback. Due by the end of phase 2. In activity 4, Ms. Jiau will also identify the individuals who have been harmed by her criminality. Due by the end of phase 2.

Goal 3: Effectively manage mental health symptoms to ensure she functions successfully in day to day life. Contact medical and mental health staff as needed. In activity 1, she has been working on a plan to manage her anxiety. She will use what she learns in rational thinking to do this. Due by next 60 day review. In activity 2, she will be preparing a plan to address emotional discomfort and discuss her emotions in group. She has not done this yet. Due by next 60 day review. In activity 3, she has agreed to consult with psychology services when unable to manage anxiety. She has not had to do this yet. Due at next 60 day review.

**SENSITIVE BUT UNCLASSIFIED**

EXHIBIT 4

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 24, 2012

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : WINIFRED JIAU, 15221-111
      DUBLIN FCI    UNT: CAMP RDAP    QTR: S06-033L
      5701 8TH ST - CAMP PARKS
      DUBLIN, CA 94568


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 697874-R1      REGIONAL APPEAL
DATE RECEIVED  : JULY 18, 2012
SUBJECT 1      : CREDIT FOR RDAP - EARLY RELEASE ELIGIBILITY
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WINIFRED JIAU

**(b)** County of Residence of First Listed Plaintiff  Alameda, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
KAIRE POOLE, PsyD, Coordinator, RDAP
RANDY TEWS, Warden, FCI-Dublin

County of Residence of First Listed Defendant  Alameda, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2241, 28 U.S.C. 1343(a)(4)
Brief description of cause:
BOP's decision to expel petitioner was arbitrary, carpricious, and abuse of discretion

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE  ☐ EUREKA

DATE  July 31, 2012

SIGNATURE OF ATTORNEY OF RECORD
*Winifred Jiau*
WINIFRED JIAU / PRO SE