UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIFRED JIAU, | No. 12-4193 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY TEWS, warden, | |
| Respondent. | |

Winifred Jiau, a prisoner at Camp Parks at the Federal Correctional Institution in Dublin, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which she complains that she was wrongfully expelled from the residential drug abuse treatment program and that such expulsion adversely affects the duration of her confinement. She has not exhausted the administrative appeals process available for prisoners in the Bureau of Prisons ("BOP"), however. *See* Docket # 1, p. 12 (regional appeal rejected on July 24, 2012 because she had not first filed a BP-9 request for a warden's level review); Docket # 10, p.1 (petitioner still waiting for decision on BP-11 as of December 19, 2012).

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for writ of habeas corpus. *Castro-Cortez v INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Nonetheless, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Id.* (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. *Id.*; *see, e.g.*, *Laing v Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing

circumstances when waiver of exhaustion requirement may be appropriate).  The exhaustion requirement will not be waived because further development of the record by way of the administrative appeals process would be particularly helpful in this case.  The documents in the record discuss the dispute using terms that are perhaps very familiar to prisoners and prison officials but not to the court, e.g., "called for a 'team,'" "not using the tree appropriately," and "not demonstrating phase 2 tools.")  The dispute most likely will be explained during the administrative appeals process in a way that will enable the court to better understand the nature of the dispute.

The petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to Jiau filing a new petition after exhausting the BOP's administrative appeals process.  Because exhaustion is required *before* the petition is filed, Jiau must file a new petition rather than amending the petition in this action.  When her new petition is filed, it will get a new case number.

Jiau's motion for leave to file a supplemental declaration is GRANTED.  (Docket # 5.) The declarations are part of the record.  Jiau's motions for issuance of a summons, for a hearing conference, and for appointment of counsel are DENIED as moot due to the dismissal of the action.  (Docket # 9, # 10, # 12, # 13.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 23, 2013

SUSAN ILLSTON
United States District Judge

2